Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JOHN HANRATTY; ET ALS<br><br>Peticionarios<br><br>v.<br><br>THOMAS R. MCOSKER;<br>ET ALS<br><br>Recurridos<br><br>v.<br><br>LESSER FLAMINGO, LLC Y<br>OTROS<br><br>Terceros demandados | KLCE202301397 | *Certiorari*<br>Procedente del<br>Tribunal de<br>Primera<br>Instancia, Sala<br>Superior de<br>San Juan<br><br>Sobre: Daños y<br>Perjuicios;<br>Apropiación<br>Ilegal,<br>Enriquecimiento<br>injusto<br><br>Caso Núm.:<br>SJ2019CV06916<br>(Sala 603) |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de febrero de 2024.

Comparecen ante nos, el Sr. John Hanratty, Ebury Street Capital LLC y EB 1EMIALA LLC, EB 2EMIALA LLC, Ebury Fund 1 NJ LLC y Ebury Fund 2 NJ LLC (los peticionarios), para que revisemos la *Orden* emitida y notificada el 14 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). En la aludida orden, se determinó que la información requerida era pertinente, y que se debía cumplir con el descubrimiento de prueba solicitado.

Aunque, oportunamente los peticionarios solicitaron reconsideración, el TPI mantuvo su determinación.

Evaluados los escritos de las partes comparecientes, resolvemos **denegar** el *auto* solicitado. **Veamos.**

**-I-**

El **15 de agosto de 2019**, los peticionarios presentaron una *Demanda Enmendada* contra el Sr. Thomas R. McOsker, BCMG International LLC, Gricklegrass Farms LLC, 100 Aker Wood LL, BCMG Technologies LLC, Map Plus LLC, BCMG Services LLC, McOsker Holdings LLC, Stonewall Holdings, LLC, BCMG LLC, Echo Recovery Solutions LLC y CambisPR LLC (los recurridos).[1] En apretada síntesis, la parte peticionaria alega que la contra parte se apropió ilegalmente de 3.5 millones de dólares que estaban depositados en unas Cuentas Plica o *"Escrow Accounts"*.

Por su parte, el **9 de octubre de 2020**, el Sr. Thomas R. McOsker, BCMG LLC, BCMG Services LLC y BCMG Technologies LLC, presentaron una *Segunda Reconvención* y *Demanda Contra Tercero Enmendada*.[2] Posteriormente, el **8 de junio de 2021**, los recurridos sometieron su contestación a demanda.[3]

Luego de varios trámites procesales, el **10 de octubre de 2022**, los recurridos remitieron a cada peticionario individualmente el *Primer Pliego de Interrogatorios, Requerimiento de Admisiones y Solicitud de Producción de Documentos*.[4] Tiempo después, el **6 de marzo de 2023** los recurridos presentaron *SOLICITUD DE REMEDIO AMPARO DE LA REGLA 34 DE PROCEDIMIENTO CIVIL*.[5]

Surge del expediente que, el **30 de mayo de 2023** los peticionarios notificaron sus respectivas contestaciones a los pliegos de interrogatorios y requerimientos de producción de documentos.

---

[1] Apéndice 1 de la *Solicitud de Certiorari*, págs. 1 – 15.
[2] Las causas de acción presentadas fueron son incumplimiento de contrato, *culpa in contrahendo*, dolo y fraude, sentencia declaratoria, enriquecimiento injusto y daños.; *Véase*, Apéndice 2 de la *Solicitud de Certiorari*, págs. 16 – 42.
[3] Apéndice 3 de la *Solicitud de Certiorari*, págs. 43 – 76.
[4] La parte peticionaria adujo que:
 - El documento enviado a *Hanratty* tiene un total de **274** interrogatorios, requerimientos y solicitudes de documentos con varios incisos.
- El documento enviado a *Ebury Street Capital LLC* tiene un total de **243** interrogatorios, requerimientos y solicitudes de documentos con varios incisos.
- Cada documento enviado a *EB 1EMIALA LLC, EB 2EMIALA LLC, EBURY Fund 1 NJ LLC y EBURY Fund 2 NJ LLC* tiene un total de **238** interrogatorios, requerimientos y solicitudes de documentos con varios incisos.
[5] Apéndice 6 de la *Solicitud de Certiorari,* págs. 81 – 94.

Por su parte, Sr. El Sr. Thomas R. McOsker sometió sus objeciones a las respuestas de los interrogatorios.

El **25 de septiembre de 2023**, los recurridos solicitaron al TPI la imposición de sanciones,[6] dado a que los peticionarios se habían negado a atender las objeciones.

Atendida dicha solicitud, el TPI emitió una *Orden de Sanciones* el **26 de septiembre de 2023**.[7] En lo pertinente, expresó;

> *En atención a solicitud de sanciones presentada por las partes demandadas [recurridas], se dispone **Ha Lugar**. Examinado el expediente surge que, **luego de múltiples oportunidades**, las partes demandadas [recurridas] notifican que las **partes demandantes [peticionarios] no han cumplido con el descubrimiento de prueba solicitado**, en consecuencia y conforme apercibidas, [...] por atrasar los procedimientos y prolongar innecesariamente el caso, se les impone a las partes demandantes [peticionarios] $500.00 de sanciones, [...], tengan **3 días perentorios para satisfacer** las mismas, cumplir las órdenes y **el descubrimiento de prueba solicitado**.[8]*

En igual fecha —26/sept/2023— los peticionarios solicitaron reconsideración de la orden.[9] En esencia, arguyeron que no se le informó al TPI, que los peticionarios habían reiterado sus objeciones. Sin embargo, los recurridos se opusieron a la reconsideración.[10] Alegaron que las objeciones sostenidas no cumplían con la Regla 34 de Procedimiento Civil. Arguyeron, además, que los peticionarios no habían provisto ni un solo documento.

Examinadas las posiciones de las partes, el **27 de septiembre de 2023**, el TPI reconsideró su determinación. También, les concedió 24 horas a las partes para presentar los interrogatorios, sus contestaciones y/o objeciones.[11]

Al siguiente día —28/sept/2023— los peticionarios comparecieron, y, plantearon que no se cumplió con lo establecido

---

[6] Apéndice 17 de la *Solicitud de Certiorari*, págs. 134 – 154.
[7] Apéndice 18 de la *Solicitud de Certiorari*, págs. 155 – 158.
[8] *Id.*, a la pág. 157. *Énfasis nuestro.*
[9] Apéndice 19 de la *Solicitud de Certiorari*, págs. 159 – 165.
[10] Apéndice 20 de la *Solicitud de Certiorari*, págs. 166 – 523.
[11] Apéndice 22 de la *Solicitud de Certiorari*, págs. 527 – 528.

en la Regla 30.1 de Procedimiento Civil.[12] Por lo que, solicitó que se les concediera 20 días para cumplir con la correspondiente oposición. No obstante, el TPI declaró *No Ha Lugar*.[13]

Así pues, el TPI emitió y notificó una *Orden* el **4 de octubre de 2023**.[14] En lo pertinente, esbozó:

> *Este Tribunal pudo observar los interrogatorios, las contestaciones y las objeciones. Así, somos del criterio que la información y/o los documentos solicitados pueden guardar relación directa con la existencia de los asuntos en controversia según presentados por las partes. Similarmente, las objeciones a las preguntas son estereotipadas, no contestan la información solicitada y/o son repetitivas. Los demandantes [peticionarios] no lograron explicar porque son impertinentes, opresivas y amplias la información o documentos solicitados. Es principio reconocido que no constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. Por lo que el Tribunal determina que la información requerida es pertinente y descubrible a base de las alegaciones y/o controversias levantadas por ambas partes en sus reclamaciones y debe cumplirse con el descubrimiento de prueba solicitado.[15]*

No conforme, los peticionarios le solicitaron al TPI la reconsideración de dicha orden.[16] Los recurridos se opusieron a la misma,[17] esencialmente, argumentaron que los peticionarios intentaban dilatar los procesos.

Mediante *Resolución*, el TPI declaró *No ha lugar* a la reconsideración el **8 de noviembre de 2023**.[18] En lo pertinente, expuso:

> *[E]valuada la solicitud de reconsideración [...] presentada por la parte demandante [peticionarios], así como las posturas en oposición [...] de la parte demandada [recurrida], **se acogen los fundamentos presentados por la parte demandada** [recurrida], colegimos que la orden [...] encuentra cómodo asilo en el récord del caso y la sana discreción del Tribunal, **por lo que se dispone No ha Lugar a la primera** [...].[19]*

El **13 de noviembre de 2023** se celebró una vista de estado de los procedimientos.[20] Allí, el TPI manifestó lo siguiente: "*[Q]ueda*

---

[12] Apéndice 25 de la *Solicitud de Certiorari*, págs. 1144 – 1146.
[13] Apéndice 27 de la *Solicitud de Certiorari*, págs. 1150 – 1152.
[14] Apéndice 29 de la *Solicitud de Certiorari*, págs. 1155 – 1159.
[15] *Id.*, a las págs. 1157 – 1158. *Énfasis nuestro.*
[16] Apéndice 30 de la *Solicitud de Certiorari*, págs. 1160 – 1191.
[17] Apéndice 32 de la *Solicitud de Certiorari*, págs. 1194 – 1202.
[18] Apéndice 33 de la *Solicitud de Certiorari*, págs. 1203 – 1205.
[19] *Id.*, a las pág. 1205. *Énfasis nuestro.*
[20] Apéndice 34 de la *Solicitud de Certiorari*, págs. 1206 – 1208.

*enmendada la orden del 4 de octubre de 2023 a los fines de conceder a la parte demandante [peticionarios] hasta el 11 de diciembre de 2023 para que presente las contestaciones enmendadas que se habían autorizado. Fecha final, firme e improrrogable."*[21]

Inconformes, los peticionarios recurrieron el **8 de diciembre de 2023** ante nos y señalaron la comisión de dos (2) errores:

> *PRIMER ERROR: ERRÓ EL TPI AL DETERMINAR EN LA ORDEN DICTADA Y NOTIFICADA EL 4 DE OCTUBRE DE 2023 (AP.@1155), QUE TODA LA INFORMACIÓN REQUERIDA EN LOS PLIEGOS DE INTERROGATORIOS, REQUERIMIENTO DE ADMISIONES Y SOLICITUD DE PRODUCCIÓN DE DOCUMENTOS "ES PERTINENTE Y DESCUBRIBLE A BASE DE LAS ALEGACIONES Y/O CONTROVERSIAS LEVANTADAS POR AMBAS PARTES EN SUS RECLAMACIONES Y DEBE CUMPLIRSE CON EL DESCUBRIMIENTO DE PRUEBA SOLICITADO". [sic].*

> *SEGUNDO ERROR: ERRÓ EL TPI AL NO ELIMINAR LOS INTERROGATORIOS Y LAS SOLICITUDES DE PRODUCCIÓN DE DOCUMENTOS INCLUIDOS EN LA MOCIÓN DE RECONSIDERACIÓN A: ORDEN (SUMAC 343) (AP.@1160) Y/O LIMITAR EL ALCANCE DE DICHOS INTERROGATORIOS Y SOLICITUDES DE PRODUCCIÓN DE DOCUMENTOS. [sic].*

En oposición, el **22 de diciembre de 2023** comparecieron los recurridos.

Con el beneficio de la comparecencia de las partes, damos por sometido el asunto.

**-II-**

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[22] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[23]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia,*

---

[21] *Id.*, a la pág. 1207.
[22] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[23] *García v. Asociación,* 165 DPR 311, 321 (2005).

*solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].*[24]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

(A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
(B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
(C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[25]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[26]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales

---

[24] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
[25] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[26] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[27]

**-III-**

En síntesis, los peticionarios nos plantean que el TPI erró al no delimitar el descubrimiento de prueba, específicamente, la información requerida en los pliegos de interrogatorios, requerimiento de admisiones y solicitud de producción de documentos.

Nótese que, la Resolución recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y de su facultad de manejar el descubrimiento de prueba de la manera que entiendan más adecuada, conforme las normas de derecho aplicables y los hechos ante su consideración.

Es decir, no se configura ninguna de las instancias contempladas en la citada Regla 52.1 de Procedimiento Civil, ni los criterios establecidos en la referida Regla 40 del Reglamento del Tribunal de Apelaciones. Razón por la cual, no encontramos justificación para intervenir.

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** el *auto* de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[27] *SLG Zapata- Rivera v. J.F. Montalvo,* 189 DPR 414, 434 – 435 (2013).